IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-432

Filed 4 March 2026

Yancey County, No. 23CR431977-990

STATE OF NORTH CAROLINA

v.

DAVID BROWN BANKS

Appeal by Defendant from judgment entered 17 September 2024 by Judge Gary M. Gavenus in Yancey County Superior Court. Heard in the Court of Appeals 11 February 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Nathan D. Childs, for the State-Appellee.*

*Blau & Hynson, PLLC, by Daniel M. Blau, for Defendant-Appellant.*

COLLINS, Judge.

Defendant, David Brown Banks, appeals from judgments entered upon jury verdicts of guilty of trafficking in opioids by possession; possession with intent to sell or deliver a schedule II controlled substance; and maintaining a dwelling for keeping or selling controlled substances. Defendant argues that the trial court plainly erred by failing to give a jury instruction on the "ultimate user" exemption to the trafficking charge or, in the alternative, that counsel's assistance was ineffective because he failed to request such instruction. Additionally, Defendant argues that the court

erred by denying his motion to dismiss the trafficking charge for insufficient evidence. We find no error, much less plain error.

## I.  Background

Defendant was indicted on one count of trafficking in opioids; one count of possession with intent to sell or deliver a schedule II controlled substance; and one count of maintaining a dwelling for keeping or selling controlled substances.[1]  The evidence at trial tended to show the following:

In September 2023, the Yancey County Sherriff's Office received information from an informant that Defendant was soliciting women for sexual favors in exchange for money and prescription pills.  Defendant was a long-time employee of the Sheriff's Office in the Yancey County jail.  The Sherriff's office sent the informant to Defendant's home as part of its investigation.  The informant obtained one lorazepam pill, a schedule IV controlled substance, from Defendant's home.

Sherriff's Office detectives contacted Defendant, and Defendant voluntarily appeared and gave a videotaped interview in October 2023.  During the interview, Defendant confessed that he had paid cash to the informant and another female for sexual favors approximately twenty times in the last year, and he had attempted to trade medication for sexual favors approximately three or four times.  Defendant also stated that "if somebody said they had a headache and I had a pill that could help

---

[1] Defendant was indicted on other charges which were subsequently dismissed.

with their headache, I'd let them have it." Defendant specifically stated that he had given pills to people for their headaches "maybe three or four" times. When asked what kind of pills, Defendant answered, "Percocet," which is a mixture of acetaminophen and the schedule II controlled substance oxycodone. *See* N.C. Gen. Stat. § 90-90(1)(a)(14) (2024). When asked where he obtained Percocet, Defendant admitted that it had not been prescribed to him but stated that he had leftover pills from his late wife's illness. Defendant's wife passed away in December 2021, approximately two years before the detectives interviewed him.

Following the interview, detectives accompanied Defendant to his home. They found two prescription pill bottles containing acetaminophen/oxycodone pills, the generic equivalent of Percocet, on Defendant's kitchen counter and six prescription pill bottles containing the oxycodone mixture in a kitchen cabinet. Each bottle had a label indicating it was prescribed to Defendant's late wife, contained oxycodone, and was filled between August 2019 and December 2021. Detectives recovered sixty-five pills in total from Defendant's home.

At trial, a forensic scientist testified that she conducted the standard procedure for determining whether the pills recovered from Defendant's home contained opioids. She confirmed that forty-one of the recovered pills contained oxycodone, an opioid, and that those pills' net weight was 14.99 grams, plus or minus 0.03 grams.

Defendant moved to dismiss all charges at the close of the State's evidence, which the trial court denied. Defendant did not present evidence and renewed his

motion to dismiss, which the trial court denied. Defendant did not object to the jury instructions or request an instruction on the ultimate user exemption for the trafficking charge. The jury found Defendant guilty on all three counts, and the court entered judgment on each conviction.

Defendant gave timely oral notice of appeal.

## II. Discussion

Defendant challenges only his conviction for trafficking in opioids. He argues that the trial court erred by failing to instruct the jury on the ultimate user exemption to the charge or, in the alternative, that Defendant received ineffective assistance of counsel for counsel's failure to request such an instruction. Additionally, Defendant argues that the trial court erred by denying his motion to dismiss the charge for insufficient evidence.

## A. Trafficking in Opioids

Any person who "sells, manufactures, delivers, transports, or possesses" more than fourteen but less than twenty-eight grams of "opium, opiate, or opioid," can be found guilty of trafficking that substance by possession. N.C. Gen. Stat. § 90-95(h)(4)(b) (2024). Oxycodone, an opioid, is a schedule II controlled substance. *Id.* § 90-90(1)(a)(14) (2024). A defendant unlawfully possesses an opioid "if he or she knowingly possesses it with both the power and intent to control the disposition or use of that substance." *State v. Bice,* 261 N.C. App. 664, 674 (2018) (citation omitted).

A person may, however, lawfully possess a controlled substance if that person

is "[a]n ultimate user or a person in possession of any controlled substance pursuant to a lawful order of a practitioner[.]" N.C. Gen. Stat. § 90-101(c)(3) (2024). An "ultimate user" is "a person who lawfully possesses a controlled substance for his own use, or for the use of a member of his household . . . ." *Id.* § 90-87(27) (2024).

In a prosecution under N.C. Gen. Stat. § 90-95, proof of an exemption must be provided by the defendant. *State v. McNeil,* 47 N.C. App. 30, 38 (1980). The State is not required to "negate any exemption or exception . . . in any trial, hearing, or other proceeding under [the North Carolina Controlled Substances Act], and the burden of proof of any such exemption . . . shall be upon the person claiming its benefit." N.C. Gen. Stat. § 90-113.1(a) (2024).

## B. Jury Instruction

Defendant first argues that the trial court plainly erred by failing to instruct the jury on the ultimate user exemption to his trafficking in opioids by possession charge, pursuant to N.C. Gen. Stat. § 90-101(c)(3).

Plain error arises when an error is "so basic, so prejudicial, so lacking in its elements that justice cannot have been done." *State v. Odom*, 307 N.C. 655, 660 (1983) (citation omitted). To establish plain error, "a defendant must establish prejudice – that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence,* 365 N.C. 506, 518 (2012) (citations omitted).

"[I]t is the duty of the trial court to instruct the jury on all of the substantive

features of a case." *Bice,* 261 N.C. App. at 673 (citation omitted). "All defenses arising from the evidence presented during the trial constitute substantive features of a case and therefore warrant the trial court's instruction thereon." *Id.* (citation omitted).

"For a jury instruction to be required on a particular defense, there must be substantial evidence of each element of the defense when the evidence is viewed in the light most favorable to the defendant." *Id.* at 673 (citation omitted). "Substantial evidence is evidence that a reasonable person would find sufficient to support a conclusion." *Id.* at 673-74 (citation omitted). "Whether the evidence presented constitutes substantial evidence is a question of law." *Id.* at 674 (citation omitted).

The record evidence in the light most favorable to Defendant shows the following: Forty-one pills weighing approximately 14.99 grams and containing oxycodone were recovered from Defendant's home. The pills were located in prescription bottles with labels indicating they were prescribed to Defendant's late wife. Defendant's late wife had passed away approximately two years prior to Defendant's arrest. Defendant admitted that the pills were not prescribed to him. Defendant confessed to providing oxycodone pills prescribed to his late wife to other individuals and attempting to exchange prescription medication for sexual favors on multiple occasions. Because the record does not contain evidence that a reasonable person would find sufficient to support a conclusion that Defendant lawfully possessed the oxycodone pills "for his own use, or for the use of a member of his household," N.C. Gen. Stat. § 90-87(27), Defendant was not entitled to an ultimate

user exemption instruction under Section 90-101(c)(3). Thus, Defendant cannot show error, much less plain error, by the trial court's failure to sua sponte instruct the jury on the ultimate user exemption.

In light of this conclusion, Defendant's argument that he received ineffective assistance of counsel because his counsel failed to request a jury instruction on the ultimate user exemption lacks merit.

## C. Motion to Dismiss

Defendant next argues that the trial court erred by denying his motion to dismiss the trafficking in opioids charge because the State failed to present sufficient evidence that he possessed a trafficking amount of oxycodone. Defendant argues that he only "admitted that he had given a few of his wife's old [o]xycodone pills to people who asked for something for a headache" and was authorized to possess the remaining pills as an ultimate user under N.C. Gen. Stat. §§ 90-101(c) and 90-87(27). Even assuming Defendant preserved his argument under the ultimate user exemption for appellate review, it lacks merit.

"When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *State v. Miller,* 363 N.C. 96, 98 (2009). "Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered." *Id.* (citations omitted). "The trial court must decide only whether there is substantial evidence of each essential

element of the offense charged and of the defendant being the perpetrator of the offense." *Id.* (citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 99 (citation omitted).

Defendant concedes that the evidence presented at trial was sufficient to show he possessed the pills and that the pills contained oxycodone. That is the end of the analysis. The State was not required to negate the ultimate user exemption in this case, *see* N.C. Gen. Stat. § 90-113.1(a); the State was only required to present substantial evidence of each essential element of the offense charged and of Defendant being the perpetrator of the offense. *See Miller,* 363 N.C. at 98. The trial court thus did not err by denying Defendant's motion to dismiss.

## III. Conclusion

For the reasons stated above, Defendant received a fair trial free of error.

NO ERROR.

Judges WOOD and STADING concur.